FILED

2015 AUG 13 11:31

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| SOLLENNE FAMILY TRUST, PATRICIA D. SOLLENNE, and PETER R. SOLLENNE as Trustees, Plaintiffs, vs. CMG MORTGAGE, INC., et al., Defendants. | CASE NO. 15-CV-200-BEN (WVG) ORDER DISMISSING CASE FOR LACK OF SUBJECT-MATTER JURISDICTION |
|---|---|

On January 30, 2015, Plaintiffs Peter and Patricia Sollenne, as Trustees for the Sollenne Family Trust, filed a Complaint against Defendants CMG Mortgage, Inc., Aurora Loan Services, LLC, and Nationstar Mortgage, LLC.[1] (Docket No. 1.) Plaintiffs, proceeding *pro se*, primarily assert that Defendants unlawfully foreclosed on their California home. (Compl. at 4, ¶ 4.) On March 3, 2015, Defendants Aurora Loan and Nationstar Mortgage filed a Motion to Dismiss for failure to state a claim. (Docket No. 8.) Plaintiffs filed an Opposition. (Docket No. 11.)

On July 23, 2015, the Court issued an Order to Show Cause Why Case Should Not Be Dismissed for Lack of Subject-Matter Jurisdiction. (Docket No. 19.) The Parties filed Responses contending that this Court does have subject-matter jurisdiction over this matter. (Docket No. 20, 22.)

///

---
[1] Erroneously sued as Nationstar Mortgage Holdings, Inc.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts may hear cases that involve a federal question or are based in diversity. 28 U.S.C. §§ 1331, 1332; *see Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Federal question jurisdiction exists if a case arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Courts have diversity jurisdiction over civil actions between citizens of different states, where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiffs conclude that this Court has diversity jurisdiction to hear this case. (Compl. at 3, ¶ 2.) Plaintiffs are domiciled in California. (Compl. at 2, ¶¶ A-C.) Plaintiffs allege that Aurora Loan is a citizen of Delaware and that Nationstar Mortgage is a citizen of Texas. (Compl. at 2, ¶¶ E-F.) But, Plaintiffs also allege that Defendant CMG is a citizen of California. (Compl. at 2, ¶ D.) Plaintiffs are citizens of the same state as CMG. As such, diversity jurisdiction cannot exist.

In their Response to the OSC, Plaintiffs failed to explain why the Parties are not completely diverse. Rather, Plaintiffs spent most of their relevant arguments stating that the amount in controversy requirement has been met. The Court is not persuaded by Plaintiffs' arguments. Nor is the Court persuaded by Defendants' argument that CMG was fraudulently joined.

After reviewing the Complaint, it is apparent that this Court does not have subject-matter jurisdiction over this matter. The action is **DISMISSED**. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: August 2, 2015

HON. ROGER T. BENITEZ
United States District Judge